# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RATEEK ALLAH,

    Plaintiff

v.

MR. MARTINEZ, *et al.*,

    Defendants

CIVIL ACTION NO. 3:18-CV-1114

(Judge Caputo)

## MEMORANDUM

### I. Introduction

Presently before the Court is Mr. Allah's Motion for Reconsideration of the Court's July 9, 2018, Order dismissing his action without prejudice due to his failure to timely submit an application to proceed *in forma pauperis* and Authorization forms. (ECF No. 15). For the reasons that follow, Plaintiff's motion will be denied.

### II. Background

On May 9, 2018, Mr. Allah filed the above captioned civil rights complaint under 28 U.S.C. § 1331 concerning events that transpired at USP Allenwood in March 2018. (ECF No. 2, Compl.) By Administrative Order dated May 31, 2018, the Court directed Mr. Allah, within thirty days, to either pay the $350.00 filing fee and $50.00 administrative fee or complete the proper *in forma pauperis* and authorization form allowing prison officials to deduct the $350.00 filing fee in installments, when funds were available, from his prison account. The Court simultaneously mailed Plaintiff copies of

the requisite forms for his completion. (ECF No. 9). On July 9, 2018, the Court dismissed Mr. Allah's action without prejudice due to his failure to submit the appropriate forms or pay the filing fee. (ECF No. 10).

III. Standard of Review

A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645 - 46, 162 L.Ed.2d 480 (2005). In order to prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

IV. Discussion

On August 8, 2018, Mr. Allah filed a motion for reconsideration requesting the reopening of his case based on his failure to receive communications by this Court requesting him to apply for *in forma pauperis* status. (ECF No. 15). The Court notes that no correspondence addressed to Mr. Allah has been returned as undeliverable. Mr. Allah offers no evidence to support his conclusory assertion that prison officials interfered with the delivery of the Court's May 31, 2018 Administrative Order. Therefore, Mr. Allah's motion for reconsideration will be denied.

Additionally, in reaching this decision, the Court is mindful that Plaintiff's action is founded upon events that transpired upon his reception at USP-Allenwood in March 2018, and that our dismissal was without prejudice to him refiling a new action. *See Lindsey v. Roman*, 408 F. App'x 530 (3d Cir. 2010) (it is within the discretion of district court to deny inmate's motion for reconsideration of dismissal for failure to timely pay filing fee or complete *in forma pauperis* application where inmate may refile complaint at any time within the applicable limitations period). Should Mr. Allah wish to pursue these matters, he must file a new complaint and the appropriate application to proceed *in forma pauperis* with the Authorization Form, or the filing fee, in a timely manner and within the applicable statute of limitations period.

An appropriate order follows.

Date: August 23, 2018

A. RICHARD CAPUTO
United States District Judge